IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAMON MICHAEL DOZIER,

Defendant.

Case No. 23-CR-00375-SEH

## OPINION AND ORDER

The court is in receipt of an untitled letter filed by defendant Damon Michael Dozier. [ECF No. 55]. The defendant states, among other things, that he wants to have his sentence vacated and for the court to take "another look" at his case. [*Id.* at 2]. Upon review, the court finds the postconviction filing should be dismissed for lack of jurisdiction.

Although defendant briefly mentions 28 U.S.C. § 2241 in his filing, it is possible that defendant may be seeking relief under 28 U.S.C. § 2255. However, the Court exercises its discretion to decline to recharacterize the filing as a motion to vacate, set aside or correct sentence under § 2255.

"With pro se litigants, federal courts will often ignore the labels attached to a pleading and 'recharacterize the motion in order to place it within a

different legal category.'" *United States v. Edge*, 315 F. App'x 92, 95 (10th Cir. 2009) (quoting *Castro v. United States*, 540 U.S. 375, 381 (2003)).

"However, with § 2255 motions, peculiar concerns are implicated-namely, a court, by construing a litigants's motion 'as a first § 2255 motion ... may make it significantly more difficult for that litigant to file another such motion.'" *Id.* (footnote omitted). Consequently, the Supreme Court has limited the district court's power to recharacterize various pleadings into "a litigant's *first* §2255 motion." *Id.* (emphasis in original). The district court can only recharacterize a defendant's filing as a § 2255 motion if it provides notice of its intent to do so; warns the defendant of the potential consequences of such a recharacterization; and gives the defendant an opportunity to either contest the characterization, withdraw the motion, or amend the motion. *Edge*, 315 F. App'x at 95; *see also United States v. Martin*, 357 F.3d 1198, 1199 (10th Cir. 2004) (observing that the notice requirement prior to recharacterization "has been the law in our circuit for several years").

Upon review of Defendant's filing, however, the Court concludes that recharacterization of the filing as a § 2255 motion and notification of the recharacterization would not be in the best interest of Defendant. A federal prisoner seeking relief under § 2255 generally must file the motion within one year from the latest of four dates: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a

motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively available to cases on collateral review; or (4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence. 28 U.S.C. §2255(f)(1)–(4).

The judgment of conviction in this case was entered on February 26, 2025. Because defendant did not file a direct appeal, his conviction became final on March 12, 2025. *See United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006) (If a defendant does not file an appeal, the criminal conviction becomes final upon expiration of the time in which to take a direct criminal appeal); Fed. R. App. P. 4(b)(1)(A)(i) (notice of appeal in a criminal case must be filed within 14 days after the entry of the judgment). Thus, Defendant had through March 12, 2026, to file any motion under § 2255. If Defendant's request is characterized as one for relief under § 2255, he appears to be 22 days out of time.

The limitation period in § 2255(f) is subject to equitable tolling in certain circumstances. To obtain equitable tolling, a federal prisoner must show that he has diligently pursued his claims and that the failure to timely file was

caused by extraordinary circumstances beyond his control. *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008). Defendant has not made any such showing in his filing.

Because Defendant's filing does not indicate that he is actually seeking relief under § 2255, and the filing, as submitted, appears to be untimely, the Court declines to recharacterize Defendant's filing as a motion under § 2255. Given the potential consequences, the Court concludes that it is in the best interest of Defendant not to recharacterize his filing as a motion under § 2255, which would result in his first § 2255 motion.

As the Court is not recharacterizing Defendant's filing as one under § 2255 and the Court has no jurisdiction to consider a collateral attack on a conviction and sentence not brought under § 2255, the Court finds that Defendant's filing should be dismissed for lack of jurisdiction. *See United States v. Anaya*, 772 F. App'x 720, 721 (10th Cir. 2019) (affirming dismissal of motion not recharacterized as a § 2255 motion).

Accordingly, Defendant's untitled letter [ECF No. 55] is DISMISSED for lack of jurisdiction.

DATED this 8th day of April, 2026.

Sara E. Hill
UNITED STATES DISTRICT JUDGE

4